CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
12/28/2018
JULIA C. DUDLEY, CLERK
BY: s/ SUSAN MOODY
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **VICTOR GONZALEZ,** | ) | **CASE NO. 7:18CV00578** |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Petitioner Victor Gonzalez, a federal inmate proceeding pro se, filed this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Gonzalez asserts that on the ground of double jeopardy, his convictions and sentences should be vacated, including the special assessments totaling $150. Upon review of the record, the court concludes that Gonzalez's § 2241 petition must be summarily dismissed.[1]

The petition and court records online indicate that in 1996, in the United States District Court for the District of New Jersey, Gonzalez was convicted of conspiracy to engage in a pattern of racketeering activity and two related offenses. See United States v. Gonzalez, No. 1:96CR00114. On March 18, 1997, that court sentenced him to three concurrent terms of life in prison and imposed a special assessment of $50 for each conviction. On appeal, the judgment was affirmed. Gonzalez later filed in the trial court a motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C. § 2255, Gonzalez v. United States, No. 2:99CV01183. The motion was denied as without merit on August 30, 2005, and Gonzalez's appeal was unsuccessful.[2]

---

[1] See Rules 1(b) & 4, Rules Governing Section 2254 Cases (authorizing dismissal of habeas petition where it plainly appears from face of petition that petitioner is not entitled to habeas relief).

[2] Court records also indicate that Gonzalez filed another § 2255 motion in July of 2017 that is still pending in the United States District Court for the District of New Jersey, No. 1:17CV05516.

Gonzales filed his § 2241 petition in November of 2018 in the United States District Court for the District of New Jersey. Because Gonzalez was confined at that time at the United States Penitentiary in Lee County ("USP Lee"), Virginia, the District of New Jersey transferred the petition to this court. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (holding that proper respondent to § 2241 petition is petitioner's current custodian). Liberally construed, Gonzalez's allegations contend that: (1) his three terms of life in prison and the three special assessments constitute double punishment for the same offenses, in violation of double jeopardy; (2) a defect in the general verdict form used at trial subjected him to multiple convictions for the same conduct; and (3) the multiple convictions and sentences, although having no practical effect on the length of his confinement, have adverse consequences, nevertheless. Therefore, Gonzales contends that he is "entitled to have his conviction on Counts 1, 2, and 3 vacated, including the $150 special assessment imposed on the counts." Pet. 7, ECF No. 1.

Claims challenging the legality of federal convictions as imposed must normally be raised on appeal or in a § 2255 motion in the sentencing court. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Thus, a § 2241 petition raising such claims is barred unless it meets the stringent standard mandated under the Jones decision. Id. at 333-34 (finding that challenge to federal conviction is barred from review under § 2241 absent a showing that under post-conviction change in law, petitioner's offense conduct is no longer criminal). Gonzales offers no indication that his offense conduct, conspiracy and racketeering activities, are no longer criminal in light of post-conviction changes to the law. Thus, he fails to meet the In re Jones standard and cannot challenge his convictions in a § 2241 petition.

An even more stringent standard applies to § 2241 challenges to the legality of an inmate's sentence as imposed. See United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). To pursue such claims under § 2241, the prisoner must show that:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429. Gonzalez fails to show that his sentences as imposed "present[ ] an error sufficiently grave to be deemed a fundamental defect" in light of any post-§ 2255, retroactive changes in substantive law. Id.

Finding no grounds on which Gonzalez is entitled to habeas relief under § 2241, the court will summarily dismiss his petition. An appropriate order will enter herewith. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 28th day of December, 2018.

_____
Senior United States District Judge

3